Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
**DOYLE LLP**
2633 E. Indian School Road, Suite 320
Phoenix, Arizona 85016
Phone:  (480) 447-2494
Fax:  (480) 685-5005
mdoyle@doylelawfirm.com
pdennis@doylelawfirm.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JEANETTE CENTENO,<br><br>             Plaintiff,<br><br>v.<br><br>AMERICAN LIBERTY INSURANCE COMPANY; S&C CLAIMS SERVICES, INC.; and RANDI KERNER,<br><br>             Defendants. | Case No. _____<br><br>**PLAINTIFF'S ORGINAL COMPLAINT** |

The Plaintiff, Jeannette Centeno, by and through her attorney undersigned, and for her complaint against the Defendants, does hereby state, aver, and allege as follows:

**I.     PARTIES**

1.     Ms. Centeno is a resident and citizen of the State of Arizona.

2.     Defendant, American Liberty Insurance Company ("American Liberty"), upon information and belief, is a Kansas corporation insuring employees for coverage under the Arizona Workers' Compensation Act, A.R.S. § 23-901, *et seq.*  American Liberty conducts business in Maricopa County, Arizona.

   a.     Service of process may be effected on American Liberty to its agent for service of process, Director of Insurance, 2910 North 44th Street, 2nd Floor, Phoenix, Arizona 85018.

   b.     All acts complained of American Liberty herein were committed by American Liberty

directly, or under its supervision and direction.

c. All acts complained of American Liberty herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant American Liberty.

d. All acts complained of American Liberty herein that were committed through any of its servants, employees, or agents, were also ratified by American Liberty.

e. American Liberty is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of American Liberty.

f. American Liberty is directly liable for breaches of its non-delegable duty of good faith and fair dealing committed by any of its servants, employees, or agents.

3. Defendant S&C CLAIMS SERVICES, INC. ("S&C Claims") upon information and belief, is a corporation adjusting insurance claims made by Arizona employees on behalf of American Liberty for coverage under the Arizona Workers' Compensation Act, A.R.S. § 23-901, *et seq*. S&C Claims conducts business in Maricopa County, Arizona.

a. Service of process may be effected on S&C CLAIMS by certified mail, return receipt requested, to its registered agent **CORPORATION SERVICE COMPANY 12550 W Explorer Dr Ste 100 Boise, ID 83713-1890.**

b. S&C CLAIMS is directly liable for its own acts and omissions insofar as S&C CLAIMS aided and abetted Defendant American Liberty in its violations of the Arizona Worker' Compensation Act and the duties of good faith and fair dealing owed to Plaintiff. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust*, 38 P.3d, 12 (Ariz. 2002).

c. All acts complained of S&C CLAIMS herein were committed by S&C CLAIMS

directly, or under its supervision and direction.

    d.    All acts complained of S&C CLAIMS herein that were committed by and through its authorized servants, employees, and agents, were committed while acting within the scope of their employment, service agreement, and agency, in concert with Defendant S&C CLAIMS.

    e.    All acts complained of S&C CLAIMS herein that were committed through any of its servants, employees, or agents, were also ratified by S&C CLAIMS.

    f.    S&C CLAIMS is vicariously liable for all acts complained of herein that were committed by or through any authorized servants, employees, or agents of S&C CLAIMS.

4. Defendant, Randi Rae Kerner ("Ms. Kerner"), upon information and belief, is a natural person, working and residing in Boise, Idaho. Mr. Kerner may be served by service upon her to 11000 W Secretariat St Boise ID 83713-9547.

    a.    Ms. Kerner is personally liable for her own acts and omissions insofar as she aided and abetted Defendant AMERICAN LIBERTY in their violations of the Arizona Worker' Compensation Act and the duties of good faith and fair dealing owed to Ms. Centeno. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust,* 38 P.3d, 12 (Ariz. 2002).

## II.    VENUE & JURISDICTION

5. This Court has diversity jurisdiction based on 28 USC §1332 because there is complete diversity of citizenship (Plaintiff is a citizen of Arizona, Randi Kerner is a citizen of Idaho, S&C Claims Inc. is incorporated in Nevada and has principal place of business in Nevada, and American Liberty is incorporated in Utah and has a principal place of business in Utah) and the amounts in controversy exceed $75,000.

6. Venue is properly laid in the Federal District Court for the District of Arizona, as a substantial part of the events or omissions giving rise to the cause of action herein occurred in

Maricopa County. Defendants also maintain representatives and conduct business in Maricopa County, Arizona.

### III. FACTUAL BACKGROUND

7. This suit is necessary to collect a legal debt and damages due and owing Ms. Centeno because of Defendants' wrongful acts in the handling of her claim for worker's compensation benefits. The Defendants, individually and/or collectively, have engaged in conduct that wrongfully denied and/or unreasonably delayed payment of workers' compensation benefits for workplace injuries sustained by Ms. Centeno

8. Jeanette Centeno a loyal and hard-working nurse for Beech Home Care & Medical Inc., was injured in the course and scope of her employment on or about August 5, 2016. Specifically, while providing services at a patient's house, Ms. Centeno tripped and injured her back. Plaintiff reported the incident, sought medical care, and filed a worker's compensation claim related to the injury.

9. Upon receiving Ms. Centeno's workers' compensation claim, American Liberty first accepted the claim. However, on October 13, 2016 – only days after Ms. Centeno's treating surgeon had recommended a cervical fusion surgery – Defendant's completely reversed its course, in violation of Arizona law and rescinded its acceptance and instead denied the claim. Defendants specifically targeted Ms. Centeno's claim because of the potential high cost and exposure for the medical and financial benefits due to the surgery request. Despite a litany of medical records, testimony, and other evidence supporting the incidents, Defendants alleged that incidents did not occur on-the-job. Ms. Centeno then appealed that closure.

10. In all, rather than properly investigate and adjust Ms. Centeno's workers' compensation claim to ensure Ms. Centeno would receive the medical, financial, and other benefits to which she was entitled as a beneficiary of the workers' compensation promised to the employees of Beech Homecare and Medical Inc, without a reasonable basis or adequate investigation, Defendants chose

to continue to deny timely benefits to which Ms. Centeno was entitled. As a direct result, Ms. Centeno was forced to hire and pay a lawyer to help her secure the workers' compensation benefits to which she was entitled. After initiating litigation before the Industrial Commission of Arizona, the ICA ruled in Ms. Centeno's favor awarding medical and financial benefits. Exhibit A, ICA Award dated June 7, 2017.

11. The Defendants' wrongful conduct includes the following acts or omissions:

   a. Failure to conduct a reasonable investigation of the events and facts relating to Ms. Centeno's claim;

   b. Failure to timely recognize and acknowledge the nature and extent of Ms. Centeno's compensable injury sustained on August 5, 2016;

   c. Failure to accept the undisputed medical evidence regarding Ms. Centeno's claim;

   d. Denial of the existence and/or extent of injury without the input of competent individuals with appropriate medical training;

   e. Creation of pretextual reasons to deny and/or delay payment of Ms. Centeno's claim and engagement in an "outcome-driven" approach to her claim;

   f. Ignoring and refusing to consider information favorable to Ms. Centeno's claim for workers' compensation benefits; and

   g. Failure to ensure that the industry's best practices were applied consistently with regard to Ms. Centeno's claim.

12. Separate and in addition to the conduct of Ms. Kerner, American Liberty is also liable for the actions of its ICA attorneys who needlessly delayed the payment of her benefits by abusing the process before the ICA. *See Mendoza* v. *McDonalds*, 222 Ariz. 139, 156 (App. 2009) ("[T]he superior court shall instruct the jury McDonald's liability. . . extends to the actions of its ICA attorneys. . . .").

Indeed, American Liberty's liability extends to its own unreasonable policies and procedures, failure to pay benefits promptly, and its supervision of its adjusters. Ms. Kerner knew about this additional unreasonable conduct and substantially assisted American Liberty through her improper investigation.

13. Unfortunately, Defendants' delay and imposition of severe economic distress and delayed medical treatment had reasonably anticipated consequences on Ms. Centeno from which she is still fighting to recover. Given the repeated delays of payment for her necessary medical care and other benefits, Ms. Centeno has been subjected to significant economic impact, humiliation, worry, distress, and continuing economic and physical damage.

14. The Industrial Commission of Arizona retains jurisdiction to determine medical and disability benefits payable under the Arizona Workers' Compensation Act. However, jurisdiction for Ms. Centeno's general damages arising from the wrongful conduct of Defendants is wholly separate from the relief accorded under the Arizona Workers' Compensation Act and is vested in this Court. Consequently, the significant effect of Defendants' wrongful and unjustified delay is still uncompensated.

**IV.  FIRST CLAIM FOR RELIEF---**
   **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**
   **AS TO DEFENDANTS AMERICAN LIBERTY AND S&C CLAIMS INC.**

15. Defendants have committed violations of the Arizona Workers' Compensation Act and their other duties under the laws of the State of Arizona arising from their obligations under the Arizona Workers' Compensation Act and the contract of insurance for which Defendants provided workers' compensation insurance coverage to Ms. Centeno.

16. AMERICAN LIBERTY, as Ms. Centeno's workers' compensation insurer, had a duty to deal fairly and in good faith with Ms. Centeno in the processing of her workers' compensation claim. AMERICAN LIBERTY breached this duty by refusing to properly investigate and effectively denying necessary medical care and other benefits, without any reasonable basis to do so.

AMERICAN LIBERTY knew or should have known that there was no reasonable basis for denying or delaying the required benefits.

17.  S&C Claims, as the third-party administrator for Plaintiff's claim for workers' compensation benefits, owed a duty to deal fairly and in good faith with her in the processing of her workers' compensation claim because it controlled Plaintiff's medical care and financial payments. In addition, S&C Claims is jointly liable with American Liberty because American Liberty and S&C Claims formed a joint venture in the handling of Ms. Centeno's claims and acted together in bad faith.

18.  Defendants' acts and omissions include, but are not limited to, the following:

   a.  Intentionally denying workers' compensation benefits without a reasonable basis for such denial;

   b.  Knowingly terminating workers' compensation benefits without a reasonable basis for such action;

   c.  Failing to perform an adequate and reasonable investigation or evaluation to determine whether any termination of benefits was supported by a reasonable basis;

   d.  Unreasonably interpreting Defendants 'obligations under the Arizona Workers' Compensation Act to arbitrarily and capriciously delay, decrease, and deny benefits owed to Ms. Centeno;

   e.  Abusing the litigation process and procedures of the Industrial Commission of Arizona as a tool to delay, decrease, and deny benefits owed to Ms. Centeno;

   d.  Needlessly compelling Ms. Centeno through administrative litigation to receive benefits under her workers' compensation insurance policy;

   e.  Delaying, decreasing, and denying benefits to Ms. Centeno with the intent to cause her to accept a compromised amount of the benefits that should have been due and owing under her workers' compensation insurance policy;

  f. Failing to adopt and implement reasonable standards for investigating and evaluating benefits due to Ms. Centeno under her workers' compensation insurance policy; and

  g. Placing the financial interests of Defendants above the interests Ms. Centeno, AMERICAN LIBERTY's insured.

19. Defendants' acts and omissions, including those described in the above paragraphs, violate the common law duties of good faith and fair dealing owed to Ms. Centeno, its insured. As a direct and proximate result of the conduct of Defendants described herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

### V. SECOND CLAIM FOR RELIEF—AIDING AND ABETTING AMERICAN LIBERTY'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT S&C CLAIMS INC.

20. The acts and omissions of S&C CLAIMS were performed by it in its individual capacity and as an agent for AMERICAN LIBERTY. Such acts and omissions were within the scope of its actual authority, express authority, implied authority, or apparent authority.

21. S&C CLAIMS knew or should have known that Plaintiff's claim was not fairly debatable, Instead, S&C Claims, on information and belief, conducted an unreasonable investigation and issued a denial of Plaintiff's claim without a reasonable basis to do. AMERICAN LIBERTY, on information and belief, ratified S&C Claims' decision to deny and delay benefit for Plaintiff. S&C CLAIMS knew or should have known that the denial of Plaintiff's claim was a breach of AMERICAN LIBERTY'S duty of good faith and fair dealing.

22. S&C Claims also refused to pay Ms. Centeno benefits for months after ordered to do so by the Industrial Commission of Arizona. AMERICAN LIBERTY, on information and belief ratified S&C Claims' decision to deny and delay benefits for Plaintiff. AMERICAN LIBERTY and S&C CLAIMS knew or recklessly disregarded the lack of a reasonable basis for denying

Plaintiff's claim.

23. S&C CLAIMS substantially assisted or encouraged AMERICAN LIBERTY in delaying or denying the claim without a reasonable basis.

## VI. THIRD CLAIM FOR RELIEF—AIDING AND ABETTING AMERICAN LIBERTY'S BREACH OF DUTY OF GOOD FAITH & FAIR DEALING AS TO DEFENDANT MS. KERNER

24. The acts and omissions of Ms. Kerner were performed by her in her individual capacity and as an agent for AMERICAN LIBERTY and S&C CLAIMS. Such acts and omissions were within the scope of her actual authority, express authority, implied authority, or apparent authority.

25. As an adjuster for workers' compensation claims in the State of Arizona, Ms. Kerner is subject to individual liability for her actions, independent of employment with S&C Claims or AMERICAN LIBERTY. Ms. Kerner' licensure as an adjuster imputes upon her personal responsibilities and obligations, both independent of and in conjunction with her employment with S&C Claims.

26. Ms. Kerner knew or should have known, that, after an adequate investigation, Plaintiff's claim was not fairly debatable, that AMERICAN LIBERTY, would rely on her actions to delay and deny the claim without any reasonable basis, and that AMERICAN LIBERTY knew or recklessly disregarded this lack of a reasonable basis to delay and deny Plaintiff's claim.

27. Ms. Kerner substantially assisted or encouraged AMERICAN LIBERTY in delaying or denying the on-the-job injury claim, without any reasonable basis.

28. Ms. Kerner' conduct to aid and abet AMERICAN LIBERTY resulted in the delay and denial of insurance benefits to Ms. Centeno and, ultimately, in the damages sustained by him.

29. Because of Ms. Kerner' acts and omissions to aid and abet AMERICAN LIBERTY, she is individually, as well as jointly and severally, liable for Plaintiff's damages. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002).

30.     As a direct and proximate result of the conduct of Ms. Kerner described herein, Plaintiff was caused to suffer the injuries and damages aforementioned.

## VII.    FOURTH CLAIM FOR RELIEF---PUNITIVE DAMAGES

31.     Defendants acted intentionally, fraudulently, and with malice (as that term is legally defined) in denying Ms. Centeno's claim for workers' compensation benefits.

32.     Defendants' conduct constituted aggravated, malicious, and outrageous conduct in conscious disregard to Ms. Centeno's rights, physical health, and financial condition.

33.     Defendants' conduct when viewed objectively from its standpoint at the time of its occurrence involved an extreme degree of risk to Ms. Centeno, considering the probability and magnitude of the potential harm to Ms. Centeno.  Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Ms. Centeno.

## VIII.   PRAYER FOR RELIEF

34.     Plaintiff respectfully prays that Plaintiff have judgment entered against Defendants and for an award of damages as follows:

   a.     For compensatory damages for physical pain and suffering, mental and emotional distress, anxiety, and all other general damages alleged and proved at the time of trial;

   b.     Punitive and exemplary damages in an amount appropriate to punish and set an example of the Defendants, and in such an amount that will discourage Defendants and others from such conduct against other insureds in the future;

   c.     Recovery of expert witness fees;

   d.     Recovery of attorney fees;

   e.     Taxable costs incurred herein;

   f.     Pre- and post-judgment interest; and

g.   For all such other and further relief, at law or in equity, to which Plaintiff may be entitled.

**DOYLE LLP**

_____
MICHAEL PATRICK DOYLE
State Bar No. 029400
PATRICK M. DENNIS
State Bar No. 029533
2633 E. Indian School Road, Suite 320
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFF
JEANETTE CENTENO**