**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Centeno, | No. CV-18-01059-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| American Liberty Insurance Company, et al., | |
| Defendants. | |

Defendants S&C Claims Services, Inc. and Randi Kerner filed a Motion to Dismiss All Claims Against Defendants S&C Claims Services and Randi Kerner pursuant to Fed. R. Civ. Pro. 12(b)(6) and/or 12(c). Oral argument was held on January 18, 2019. The Court has now considered the Motion (Doc. 16, "Mot."), Response (Doc. 17, "Resp.") and Reply (Doc. 20, "Reply") along with arguments of counsel and relevant case law.

## I.  BACKGROUND

This case arises out of Plaintiff Jeanette Centeno's workers' compensation claim filed with American Liberty Insurance Company ("ALIC"). Plaintiff alleged to have tripped and injured her back on or about August 5, 2016 while providing services at a patient's house in the course of her employment. The claim was initially accepted by ALIC, but the acceptance was later rescinded and the claim was denied. ALIC alleged that the incidents did not occur on-the-job. Plaintiff initiated litigation before the Industrial

Commission of Arizona ("ICA"), which ruled in Plaintiff's favor awarding medical and financial benefits.

On April 6, 2018, Plaintiff initiated this action by filing a complaint against defendants ALIC, S&C Claims Services, Inc. ("S&C"), and Randi Kerner. (Doc. 1, the "Complaint"). Plaintiff claims that the ICA "retains jurisdiction to determine medical and disability benefits payable under the Arizona Workers' Compensation Act," but that jurisdiction of "general damages arising from the wrongful conduct of Defendants is wholly separate from the relief accorded" by the ICA. (Mot. at 6). In regard to the handling of her workers' compensation claim, Plaintiff alleges that the wrongful conduct of ALIC, S&C, and Kerner includes failing to conduct a reasonable investigation, failing to timely recognize Plaintiff's compensable injury, failing to accept undisputed medical evidence, denying the existence and/or extent of injury without input of competent individuals, creating pretextual reasons to deny and/or delay payment, ignoring and refusing to consider information favorable to Plaintiff, and failing to ensure that the industry's best practices were applied consistently. (Mot. at 5).

Defendants S&C and Kerner now move to dismiss all claims against them. Plaintiff's first claim rests on the "breach of the duty of good faith and fair dealing" as to defendants ALIC and S&C. Plaintiff's second and third claims are for "aiding and abetting American Liberty's breach of duty of good faith & fair dealing" as to S&C and Kerner respectively. Plaintiff's fourth claim is for punitive damages.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence

of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### III. ANALYSIS

#### a. Breach of the Duty of Good Faith and Fair Dealing

Defendants allege that "S&C cannot be held liable for breach of the duty of good faith and fair dealing for the simple reason that S&C is not an insurance carrier," but is rather a "third party administrator." (Mot. at 3–4). Defendants further contend that the Complaint "does not plead that S&C had **any** contractual relationship with Plaintiff[.]" (Mot. at 4) (emphasis in original).

The duty of good faith and fair dealing is implied in every contract. *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* A claim for breach of the duty of good faith and fair dealing requires a contractual relationship. Without a contract, there is no duty of good faith and fair dealing. *See, e.g., Walter v. F.J. Simmons & Others*, 818 P.2d 214, 222 (Ariz. Ct. App. 1991) (agent dismissed from bad faith claim "because he owed no contractual duty to act in good faith or deal fairly").

In this case, there is no contractual relationship between Plaintiff and Defendants S&C or Kerner. Plaintiff provided no case law or analysis to support this claim in her response (Doc. 17). Accordingly, Plaintiff's claim for breach of duty of good faith and fair dealing against S&C is dismissed for failure to state a claim upon which relief can be

granted.

### b. Aiding and Abetting

Defendants argue that the agent immunity doctrine applies and precludes the claim of aiding and abetting. (Mot. at 6). Defendants argue that "because the conduct of the agent is conduct of the principal, liability for conspiracy or aiding and abetting is precluded." *Id.* Defendants rely primarily on *Perry v. Apache Junction Elementary School District No. 43 Board of Trustees*, 514 P.2d 514 (Ariz. App. 1973), for the proposition that an agent cannot aid and abet the principal because they are one in the same and a defendant cannot aid and abet itself. *Id.*

However, in *Perry*, the Arizona court was evaluating whether an agent can *conspire* with the principal. In that circumstance, the court said that the agent cannot conspire with the principal. *Perry,* 514 P.2d at 517 ("It has been held that agents and employees of a corporation cannot conspire with their corporate principal or employer when acting in their official capacities on behalf of the corporation and not as individuals for their individual advantage.").

But that determination is not necessarily applicable when the action is one unrelated to conspiracy—in this case the action is related to whether agents can aid and abet a principle for breach of the duty of good faith and fair dealing. There are many judges in this district that have determined that an agent can be liable for aiding and abetting a principle's breach of the duty of good faith and fair dealing. *See*, *e.g.*, *Morrow v. Boston Mut. Life Ins. Co.*, No. CIV–06–2635, 2007 WL 3287585, at *6 (D. Ariz. Nov. 5, 2007) (rejecting that aiding and abetting bad faith claims against an insurance administrator could be dismissed on the basis of being the same entity as the insurer); *Inman v. Wesco Ins. Co.*, No. CV–12–02518, 2013 WL 2635603, at *4 (D. Ariz. June 12, 2013) (noting that "an aiding and abetting claim is not barred simply because a person worked for the alleged primary tortfeasor and was acting within the scope of her employment" and that moving party did not show "any reason why principles of agency law should not apply with equal force in the insurance setting").

Defendants also argue that S&C and Kerner cannot be liable because there is no separate conduct aiding and abetting ALIC's bad faith. (Mot. at 6). Under Arizona law, "[c]laims of aiding and abetting tortious conduct require proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002). Numerous cases in this District reinforce the determination that in order for Plaintiff's aiding and abetting claim against Defendants S&C and Kerner to survive, she must allege some action taken by these defendants separate and apart from the facts giving rise to the claim against ALIC. S*ee, e.g., Swift v. Wesco Ins.*, No. CV-18-01531-PHX-JJT, at *4 (D. Ariz. Sept. 24, 2018) (collecting cases); *Jones v. Colo. Cas. Ins. Co.*, 2013 WL 4759260, at *3 (D. Ariz. Sept. 4, 2013); *Young v. Liberty Mut. Grp., Inc.*, 2013 WL 840618, at *3 (D. Ariz. Mar. 6, 2013).

All of the facts alleged in this case may support a claim for breach of the duty of good faith and fair dealing by ALIC. Specifically, Plaintiff alleged the defendants' failure to properly investigate the claim and denying or delaying benefits without a reasonable basis support the claim for breach of duty. There are no facts alleged that are separate and apart from those and committed by S&C or Kerner that support the claim for aiding and abetting. Plaintiff asserts that "the complaint alleges separate and distinct acts from" ALIC in that ALIC "failed to adopt and implement reasonable standards for investigation and evaluating benefits due to Ms. Centeno" and "failed to ensure that the industry's best practices were applied consistently with regard to Ms. Centeno's claim." (Resp. at 7–8). These allegations don't show separate and distinct acts by Defendants S&C and Kerner. Because the Complaint does not allege facts to support action taken by S&C and Kerner that is separate and apart from the facts giving rise to the claim against ALIC, Plaintiff has failed to state a claim for aiding and abetting against S&C and Kerner.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss all Claims Against Defendants S&C Claims Services and Randi Kerner is **GRANTED**.

Dated this 12th day of February, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge