**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jeanette Centeno, | No. CV-18-01059-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. |  |
| American Liberty Insurance Company, et al., |  |
| Defendants. |  |

Pending before the Court is Defendants S&C Claims Services, Inc. ("S&C") and Randi Kerner's ("Kerner") Motion for Rule 54(b) Judgment. (Doc. 62). Plaintiff opposes the motion. (Doc. 64).

**I. Legal Standard**

Rule 54(b) of the Federal Rules of Civil Procedure reads as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Court must first determine that a "final judgment" has been rendered and then

determine whether there is any just reason for delay. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). In considering whether certification under Rule 54(b) is appropriate, the Court is to consider whether the claims under review are separable legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The Rule was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case. . ." The Rule thus aimed to augment, not diminish, appeal opportunity." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902–03 (2015) (internal quotation marks, alterations, and citations omitted).

**II. Discussion**

This case arises out of Plaintiff Jeanette Centeno's workers' compensation claim filed with American Liberty Insurance Company ("ALIC"). In regard to the handling of her workers' compensation claim, Plaintiff alleges that the wrongful conduct of ALIC, S&C, and Kerner includes failing to conduct a reasonable investigation, failing to timely recognize Plaintiff's compensable injury, failing to accept undisputed medical evidence, denying the existence and/or extent of injury without input of competent individuals, creating pretextual reasons to deny and/or delay payment, ignoring and refusing to consider information favorable to Plaintiff, and failing to ensure that the industry's best practices were applied consistently.

All claims against Defendants S&C and Kerner were dismissed on February 12, 2019. (Doc. 60). The claims were dismissed on a legal issue when the Court found that aiding and abetting required some separate conduct by S&C and Kerner and none was alleged. Additionally, the Court found that a breach of the duty of good faith and fair dealing required a contractual relationship and dismissed that claim as to S&C because there was no contractual relationship with Plaintiff. The remaining claim is against ALIC for breach of the duty of good faith and fair dealing.

Plaintiff argues that the Court should not enter final judgment because the aiding

and abetting claims are secondary torts that require primary tortious conduct and so appellate review of the aiding and abetting claims may never be necessary. (Doc. 64). Plaintiff relies on the ruling in *Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005). However, that decision is distinguishable from the present case. In *Wood*, the court dismissed several claims and left several claims remaining. Both the dismissed and live claims revolved around alleged employment discrimination. The dismissed claims were based on a different theory of adverse treatment rather than a separate and distinct claim. Here the dismissed claims are based on a separate legal theory and against distinct defendants and involve a threshold issue that does not apply to the remaining defendant.

The Court finds that there is no just reason for delay, and accordingly,

**IT IS ORDERED** granting Defendants S&C Services, Inc. and Randi Kerner's Motion for Rule 54(b) Judgment. (Doc. 62).

**IT IS FURTHER ORDERED** that final judgment is entered in favor of Defendant S&C Claims Services, Inc. and Randi Kerner under Rule 54(b).

Dated this 22nd day of May, 2019.

Honorable Susan M. Brnovich
United States District Judge